

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5535 | **DATE** | 3/1/2004 |
| **CASE TITLE** | Chana Wilson vs. Bob Watson Chevrolet, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Presently before us is Watson's motion to dismiss the entire complaint based on the doctrine of res judicata. Watson's motion to dismiss (9-1) is granted. The status hearing set for 3/23/04 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | **MAR 0 2 2004** | |
| | Notified counsel by telephone. | | date docketed | 19 |
| | Docketing to mail notices. | | GMA | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/1/2004 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHANA WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03 C 5535 |
| | ) |
| BOB WATSON CHEVROLET, INC., | ) |
| | ) |
| Defendant. | ) |

DOCKETED
MAR - 2 2004

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Chana Wilson filed a three-count complaint against Defendant Bob Watson Chevrolet, Inc. ("Watson") in Illinois state court alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2, violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, and common law fraud. Watson removed the action to federal court pursuant to 28 U.S.C. § 1441.[1] Presently before us is Watson's motion to dismiss the entire complaint based on the doctrine of *res judicata*. For the reasons stated below, we grant defendant's motion.

I.  **BACKGROUND**[2]

Wilson, who was *pro se* at the time, originally filed suit against Watson on August 29, 2002 in the Circuit Court of Cook County, Municipal Department, First District. On September 30, 2002,

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1331 over the claim brought under the Truth in Lending Act, and supplemental jurisdiction over the remaining state law claims based on 28 U.S.C. §§ 1367 and 1441(c).

[2] For the purposes of this motion, we must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). We note that in considering a motion to dismiss, a court may also take judicial notice of matters of public record. *See Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003).

Watson filed a motion to strike the complaint because it was insufficient in law, set forth no cause of action, and contained no specific prayer for relief. The circuit court granted the motion, dismissing the complaint on October 16, 2002. Wilson was granted twenty-eight days to amend her complaint. On October 28, 2002, Wilson filed an amended complaint. In her amended complaint, Wilson stated she purchased a 1999 Mercury from Watson but "no money was deposited or transferred" between the parties. She allegedly had determined the vehicle was defective and returned the vehicle to defendant three days after the purchase. She claimed Watson had "failed to cancel purchased [sic] contract which now plainitiff [sic] sues for." On November 21, 2002, the Circuit Court entered an order dismissing plaintiff's amended complaint with prejudice.

According to Wilson, she then retained counsel who attempted to petition for relief from final judgment on January 21, 2003. In her petition for relief, she sought an order vacating the November 21 dismissal and granting plaintiff leave to file a second amended complaint. The petition was stricken, apparently because the court was not in session. Wilson's attorney re-noticed the petition and on February 4, 2003, the court heard argument on the petition. Plaintiff subsequently withdrew the petition, and no order or opinion was issued by the court. Wilson claims she withdrew the petition because the court advised counsel that the case had not been dismissed with prejudice and that plaintiff could file an amended pleading. (Gast Aff. ¶ 8).

According to Wilson, on February 18, 2003, she filed a second amended complaint. Plaintiff then filed a motion to clarify and for leave to file a second amended complaint on May 12, 2003. Specifically, she sought an order from the court reinstating the action and granting plaintiff leave to file her second amended complaint *nunc pro tunc* to January 21, 2003. Plaintiff's motion was stricken on July 21, 2003, and no such order was entered. On July 24, 2003, Wilson then refiled her case in the Circuit Court of Cook County under a different case number. The complaint in the second case (No. 03-

M1-146750) alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and the Truth in Lending Act.[3] It also included a count for common law fraud. Watson removed the second matter to federal court on August 8, 2003. Watson then filed the present motion to dismiss based on the doctrine of *res judicata*.

## II. ANALYSIS

### A. Standard of Review

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to decide the adequacy of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). Therefore, a complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When a defendant raises *res judicata* as a defense and it is clear from the complaint's face, and matters of which the district court may take judicial notice that the plaintiff's claims are barred as a matter of law, dismissal under Rule 12(b)(6) is proper. *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir. 2000).

### B. Discussion

Watson claims that this court is precluded from hearing Wilson's claims under the doctrine of *res judicata*. Federal courts must give state court judgments the same preclusive effect that they would have in state court. *See* 28 U.S.C. § 1738; *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002) (citing *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 519 (1986)). In determining the preclusive effect of a prior state court judgment on federal litigation, we look to the rendering state's preclusion law. *Rogers v. Desiderio*, 58 F.3d 299, 300-01 (7th Cir. 1995). Under

---

[3] Plaintiff neglected to voluntarily dismiss the previous case (No. 02-M1-151890). (Response, at 4).

3

Illinois law, the doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies and constitutes an absolute bar to a subsequent action involving the same claim, cause of action, or demand as to the same parties. *Licari*, 298 F.3d at 666 (citing *Nowak v. St. Rita High Sch.*, 197 Ill. 2d 381, 389, 757 N.E.2d 471, 477 (2001)). In Illinois, *res judicata* applies where: (1) a final judgment on the merits was rendered by a court of competent jurisdiction; (2) there is an identity of causes of action; and (3) there is an identity of parties or their privies. *Id.* (citing *Nowak v. St. Rita High Sch.*, 197 Ill. 2d at 389). *Res judicata* will not apply if plaintiff was not allowed a full and fair opportunity to litigate her claim in state court. *Id.; see also Pirela v. Village of North Aurora*, 935 F.2d 909, 911 (7th Cir. 1991).

Wilson concedes the second and third prongs are satisfied here. (Response, at 4).[4] Wilson contends, however, that a final judgment has not been rendered by a court of competent jurisdiction. Specifically, Wilson argues that the order of November 21, 2002, dismissing Wilson's amended complaint with prejudice, was drafted by defendant's attorney, and urges us to review the order in conjunction with the circuit court's notation on the half-sheet which "demonstrates the true intent of the Circuit Court's order, i.e., that Plaintiff's case be dismissed, but <u>without</u> prejudice." (Response, at 5) (emphasis in original). Watson responds that a "half sheet" is not a court record and does not control over the written record of the court. (Reply, at 2 (citing *Federal Sign & Signal Corp. v. Czubak*, 57 Ill. App. 3d 176, 179-80 (1978)). General Order 6.5 of the Circuit Court of Cook

---

[4] Illinois uses the "transactional" test to determine whether identity is present. *See River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 310, 703 N.E.2d 883, 893 (1998). The transactional test provides that different theories of relief that rely on a single group of operative facts constitutes a single cause of action for *res judicata* purposes. *Licari*, 298 F.3d at 667. *Res judicata* applies not only to issues actually decided by the state court, but also to issues that could have been decided by the state court. *Id; see also River Park, Inc.*, 184 Ill. 2d at 302.

4

County, however, provides that "[t]he half-sheet shall constitute part of the official court record in each case." *See* Circuit Court of Cook County, General Order 6.5(b) (2003).[5] Even looking beyond the text of the order and considering the notions contained in the half-sheet, Wilson's interpretation of the order is not particularly bolstered; the notation in the half-sheet simply states "dismissed," whereas the order plainly says "dismissed with prejudice."

The parties appear to agree that an order of dismissal with prejudice is generally considered to be a final judgment on the merits for purposes of *res judicata*. *See, e.g., Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("[A] suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by res judicata."). Wilson suggests, however, that the state court's intent was that the amended complaint be dismissed without prejudice because of "the earlier dismissal of Plaintiff's case <u>without prejudice</u> on October 16, 2002." (Response, at 5) (emphasis in original). Just because the earlier dismissal granted plaintiff leave to amend her complaint does not suggest Wilson's characterization of the November 21 order is correct. Indeed, the November order, in contrast with the October order, specifically stated that the complaint was dismissed with prejudice. Moreover, when the court granted leave to plaintiff to refile her complaint in October, the court's order of October 16, 2002 (and the half-sheet memorializing that order) <u>specifically</u> stated that, although the motion to dismiss the complaint was granted, plaintiff was "granted leave of 28 days to file an amended complaint." (Pl. Exh. B and F).

In Illinois, Supreme Court Rule 273 specifically states, "[u]nless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal

---

[5] The court in *Federal Sign & Signal* did acknowledge that the half-sheet should not prevail over the written record in that action, but that was because no rule comparable to General Order 6.5 of the Circuit Court of Cook County was in effect when the half-sheet for that case was prepared. The court did note that General Order 6.5 had been adopted on January 6, 1977, after the half-sheet was prepared. *Federal Sign & Signal Corp. v. Czubak*, 57 Ill. App. 3d 176, 180 n.1 (1978).

for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." IL. Sup. Ct. R. 273; *see also DeLuna v. Treister*, 185 Ill. 2d 565, 579 (1999) ("Rule 273 should be applied according to its unambiguous terms"). The Illinois Supreme Court has explained, "[i]f a plaintiff's action is involuntarily dismissed for a reason not expressly excepted by the rule, and if plaintiff does not procure leave of court to refile the complaint, or if a statute does not guaranty that opportunity to plaintiff, then the rule *deems* the dismissal a dismissal on the merits. That is the purpose of the rule." *DeLuna*, 185 Ill. 2d at 575 (emphasis in original). In *DeLuna*, the circuit court involuntarily dismissed all counts pleaded by plaintiff against one of the defendants. Because the basis of the dismissal was not lack of jurisdiction, venue, or failure to join an indispensable party, the Illinois Supreme Court determined that under the plain language of Rule 273, the circuit court's dismissal was an adjudication on the merits. *Id.* at 573-74. Here, plaintiff does not contend that the November order fell into one of the exceptions enumerated in the rule, and, as discussed above, unlike the October 2002 order, did not include a statement that would take the involuntary dismissal out from under the reach of Rule 273. As such, we are compelled to consider the circuit court's involuntary dismissal of November 2002 as an adjudication on the merits.

Wilson also argues that because she was *pro se* at the time, she was unable to recognize the error in defendant's memorialization of the court's order of November 21, 2002. But, in signing the order, the judge presumably verified that the recitation of his determination provided in the order was correct. Additionally, plaintiff then retained counsel who petitioned for relief from final judgment, sought leave to file an amended complaint (on at least two separate occasions), and sought clarification of the November 2002 order from the judge who issued it. All the various motions were either withdrawn by Wilson or the requests were denied by the court. Indeed, since the issuance of

the November 2002 dismissal, no order has been entered modifying, vacating or otherwise changing the November 21, 2002 disposition. While this court might have entertained further amendments to a complaint of a *pro se* plaintiff were we presented with the original action, the right to amend pleadings in Illinois is not absolute. *See Welch v. Illinois Supreme Court*, 322 Ill. App. 3d 345, 358 (2001). The decision rests within the sound discretion of the trial court. *Id.* Moreover, our role is not to question the correctness of the previous judgment, but rather to determine if the judgment was a final adjudication on the merits. *See, e.g., Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) (stating that "final resolution of one suit is conclusive in a successor, whether or not that decision was correct); *Johnson v. Panizzo*, 664 F. Supp. 336, 341 n.8 (N.D. Ill. 1987) (explaining that the propriety of the substantive holding of the state court was not properly before the court because "under Illinois law claim preclusion applies without regard to whether the prior adjudication was correct or erroneous"); *see also Bond v. Dunmire*, 129 Ill. App. 3d 796, 800 (1984) (explaining that res judicata operates irrespective of the correctness of the previous judgment). Under Rule 273, the involuntary dismissal issued on November 21, 2002 was an adjudication on the merits. Accordingly, all three elements of *res judicata* are satisfied.

Finally, Wilson does not specifically argue that she was denied a full and fair opportunity to litigate her claim. As we noted above, following dismissal of the case for failure to state a claim, the circuit court granted plaintiff leave to amend her complaint. After reviewing her amended complaint, the court then dismissed the amended complaint with prejudice at a status hearing. Both plaintiff and counsel for defendant were present at the status hearing. Plaintiff then retained counsel who petitioned for relief from final judgment. The petition was stricken in January, 2003, re-noticed and oral argument was heard on February 4, 2003. Wilson then withdrew the petition. In May, Wilson filed a motion to clarify and sought leave to file an amended complaint. At a hearing on July

21, 2003, the circuit court struck the motion and denied leave to file an amended complaint. While the outcome of the above procedures was not favorable to plaintiff, we find that minimum due process standards were met in the state court proceedings. *See Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481 (1982) ("state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law."); *Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002) ("A plaintiff is afforded a full and fair opportunity to litigate his claims so long as the state court proceedings complied with the minimum procedural requirements of the Due Process Clause"). As such, the state court's determination is entitled to full faith and credit and this action is barred by *res judicata*.

### III. CONCLUSION

For the foregoing reasons, Watson's motion to dismiss is granted. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 3/1/04

8